## CORNFORTH ET AL. V. MAGUIRE.

1. ATTACHMENT — INTERVENTION BY ASSIGNEE.— Where a debtor's assignee for benefit of creditors intervenes in an attachment of the assignor's goods by his creditors, claiming the goods by virtue of the assignment, which plaintiffs charge was fraudulent, as made to hinder and delay creditors, an instruction that to defeat the assignee's recovery it must appear that the assignment was made to fraudulently hinder and delay creditors, "and that the assignee had knowledge thereof," is not prejudicial to plaintiffs where there is no evidence of fraud, or of intent to defraud, on the part of either the assignor or assignee.

2. MEASURE OF DAMAGES.— In such case the measure of the intervenor's damages is the value of the property, with interest from the date of the levy, under code of 1883, section 103, which provides that, where the finding is for the intervenor, in such cases the damages he has suffered by reason of the attachment may be assessed and recovered with costs against the attachment plaintiff. Following *Brasher v. Holtz, ante,* p. 201.

### Appeal from District Court of Lake County.

OCTOBER 11, 1884, Urban Bros., merchants, assigned, and delivered their property to the appellee, William F. Maguire, for the benefit of their creditors. October 14th the appellants, Joseph T. and Emma R. Cornforth, caused the seizure of a part of said property under a writ of attachment issued in the action brought by them against the said Urban Bros., which property was afterwards sold thereunder. The assignee claimed the property so taken, and accordingly intervened in said action under the provisions of section 103 of the code.

The appellants charged that the assignment was fraudulent, in that it was for the purpose of hindering and delaying creditors.

Trial was had to a jury. Verdict and judgment were given for the intervenor, appellee, for $237, the value of the property taken, and $100 additional for damages, from which this appeal was taken.

Messrs. RALPH TALBOT, W. J. SHARMAN, R. D. THOMPSON, W. H. NASH and S. B. MCCORMICK, for appellants.

Messrs. L. H. LONG and J. M. MAXWELL, for appellee.

STALLCUP, C.  ·The court gave two instructions to the jury.  In the first it was stated that in order to defeat the assignee's right of recovery the jury must find that the assignment had been made for the purpose of fraudulently hindering and delaying the creditors, and that the assignee had knowledge thereof, and accordingly participated therein.  In the second the question of damages was submitted to the jury.  It is assigned and argued here that the court erred in both of the instructions given.

As to the first instruction, it is sufficient to state that the record shows no evidence of fraud, nor intent to defraud, on the part of either the assignors or the assignee, in the assignment made.  It follows, therefore, that even if this instruction were wrong — a matter we do not decide — appellants were in no way prejudiced thereby. We do not pass upon the question presented thereunder for the further reason that since the enactment of our legislature of April 10, 1885, upon the subject of assignments for the benefit of creditors, we do not regard the question as one of importance.

As to the second instruction, and the allowance of $100 damages, there was no evidence upon which either an· instruction or a verdict for special damages could rest.

· The measure of damages applicable to this case is the value of the property taken, with interest thereon from the date of the levy; and the jury should have been instructed accordingly. *Brasher v. Holtz, ante,* p. 201. Section 103 of the code, upon which this case rests, is similar in its provisions to section 88, chapter 62, General Statutes, upon which rests the case cited; sufficient at least to warrant the application of the same rule in cases

434     D. C. I. & W. Co. v. Middaugh.     [April T.,

under the code provisions in which there is no return of the property to the claimant.

The judgment should be reversed and the case remanded.

Rising and De France, CC., concur.

Per Curiam. For the reasons stated in the foregoing opinion the judgment is reversed and the cause remanded, with directions that if the plaintiff shall remit $100 a new judgment be entered for the balance; otherwise that the cause be set down for a new trial.

*Reversed.*