[No. 12931.   In Bank. — September 17, 1889.]

## M. E. BRYANT, APPELLANT, *v.* B. F. LANGFORD ET AL., RESPONDENTS.

ASSIGNMENT FOR BENEFIT OF CREDITORS — FAILURE OF ASSIGNEES TO GIVE BOND — REMEDY OF ASSIGNOR. — The failure of assignees for the benefit of creditors to give the bond required by section 3467 of the Civil Code does not affect the validity of the deed of assignment, or authorize an action by the assignor to set it aside. The title passes as between the assignor and assignees, and the assignment is irrevocable; though until the required inventory and affidavit have been filed, and the required bond given, the assignees have no authority to dispose of the estate or convert it to the purposes of the trust. The proper remedy of the assignor is to have the assignees removed.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion of the court.

*Joseph H. Budd,* and *James H. Budd,* for Appellant.

*J. C. Campbell,* for Respondents.

WORKS, J.—This is an action by the appellant to set aside a deed of assignment of certain real estate, made by him to the respondents for the benefit of his creditors.

The sole ground alleged in the complaint for setting aside the deed is, that the assignees failed to give the bond required by section 3467 of the Civil Code, the amount of such bond having been fixed by the judge of the superior court. The court below correctly sustained a demurrer to the complaint.

The failure to give the bond did not affect the validity of the deed. The execution and delivery of the deed vested the title to the property in the assignee. A failure on the part of the assignor to file an inventory, or a failure to record the deed, renders the assignment void as "*against creditors of the assignor, and against purchasers and encumbrancers in good faith and for value,*" and until the inventory and affidavit have been filed, and the assignee has given the required bond, such assignee has no authority *to dispose of the estate or convert it to the purposes of the trust.* (Civ. Code, secs. 3461–3468.) But the title passes as between the assignor and assignee, and the assignment is irrevocable. (*Forbes* v. *Scannell,* 13 Cal. 288; *Warner* v. *Jaffrey,* 96 N. Y. 256; 48 Am. Rep. 616.)

If the assignor has any remedy, it is to have the assignees removed, and he certainly has this remedy, as he, as well as his creditors, is interested in the giving of

the bond and the due performance of the trust by the assignees.

Judgment affirmed.

McFARLAND, J., SHARPSTEIN, J., BEATTY, C. J., and THORNTON, J., concurred.