[18074.  Department Two.—June 3, 1893.]

R. E. WILHOIT ET AL., ASSIGNEES, ETC., RESPONDENTS,
*v.* A. I. LYONS, APPELLANT.

ASSIGNMENT FOR BENEFIT OF CREDITORS—VALIDITY OF UNRECORDED ASSIGNMENT
—CONSTRUCTION OF CODE.—Under section 3465 of the Civil Code, as it stood
prior to the amendment of 1889, providing that "an assignment for the benefit
of creditors is void against creditors of the assignor and against purchasers and
encumbrancers in good faith and for value," unless it is properly recorded, an
unrecorded deed of assignment is valid as against the assignor and all creditors
assenting to it, and is void against non-consenting creditors only when they were
such at the time it was executed, and not against those who might subsequently
become such creditors.

ID.—DISCRETION TO ASSIGNEES—CONSTRUCTION OF ASSIGNMENT.—A deed of assign-
ment for the benefit of creditors, which conveys to the assignees all of the as-
signor's property "for the benefit of all his creditors, without any preference
or priority other than that provided by law," and empowers them to "sell and
dispose of" the real estate, "using a reasonable discretion as to the times and
modes of selling and disposing of said estate, as it respects making sales for
cash or on credit," is to be construed as giving to the assignees only such dis-
cretion as they were authorized by law to exercise, and is not, therefore, in vio-
lation of subdivision 5 of section 3457 of the Civil Code, which renders such an
assignment void if it confers upon the assignees power which, if exercised,
might prevent or delay the immediate conversion of the property to the pur-
poses of the trust.

ID.—ACTION BY ASSIGNEES AGAINST EXECUTION PURCHASER—NOTICE OF DEED OF
ASSIGNMENT—PRESUMPTION.—In an action to quiet title to land by the as-
signees of an insolvent debtor against a subsequent execution purchaser, who
claimed to be a purchaser of the land in good faith and for value, where the
defendant failed to prove a want of notice of the deed of assignment, and the
court found that ever since the date of their deed the plaintiffs had been in
possession of the property, it will be presumed that the defendant had notice
of the deed of assignment at the time of his purchase, and hence that he was
not a purchaser in good faith.

BONA FIDE PURCHASER—PROTECTION AGAINST PRIOR DEED—BURDEN OF PROOF.—
To entitle a subsequent grantee of land to protection against a prior deed as a
*bona fide* purchaser in good faith and for value, he must aver and assume the
burden of proving the possession of his grantor, the purchase of the premises,
the payment of the purchase-money in good faith and without notice, actual or
constructive, prior to and down to the time of its payment.

APPEAL from a judgment of the Superior Court of San
Joaquin County, and from an order denying a new trial.

The facts are stated in the opinion.

*John E. Budd, James H. Budd,* and *J. B. Hall,* for Appellant.

*Baldwin & Campbell,* for Respondents.

BELCHER, C.—The plaintiffs brought this action to quiet
their title to certain real property in San Joaquin County, and

they claimed title to the property under a deed of assignment made to them by M. E. Bryant, an insolvent debtor, for the benefit of his creditors, on February 16, 1886.

The defendant denied the plaintiffs' ownership or right to the possession of the property, and set up title to it in himself under and by virtue of a sheriff's deed conveying the property to him under date of September 15, 1890.

The court below gave judgment for the plaintiffs, from which, and from an order denying his motion for a new trial, defendant appeals.

The facts of the case, as shown by the findings and evidence, are as follows:—

On January 30, 1886, M. E. Bryant was the owner of the property in dispute, but was insolvent and unable to pay his debts. On that day, under the provisions of the Civil Code relating to "Assignments for the benefit of creditors," he signed, acknowledged, and delivered to the plaintiffs for the benefit of his creditors a deed of assignment of all his property not exempt from execution. The grantees accepted the trust and filed the deed for record in the recorder's office of the county; and on the same day the judge of the superior court of the county fixed the amount of the bond to be given by such assignees, as required by section 3467 of the Civil Code, at the sum of $25,000.

On February 16, 1886, a mistake was discovered in the deed of January 30th, in this, that in the *habendum* clause thereof the name of R. E. Wilhoit, one of the grantees, had been omitted and the name of H. S. Sargent inserted in its place. The mistake was made by the draughtsman of the deed and was not discovered by any one until the day named. Thereupon the said deed was taken from the recorder's office and the name of Sargent was erased from the *habendum* clause and the name of Wilhoit was written in place thereof, and its date was changed to February 16, 1886. Bryant then again duly acknowledged the deed and delivered it to the grantees, and they again accepted the trust and filed it for record; and as shown by the certificate of the county recorder, it was recorded "in book 'G,' volume 6, page 540 of miscellaneous San Joaquin County records." The judge of the superior court also made a new order on February 16th, requiring the assignees to execute a bond, conditioned

as required by section 3467 of the Civil Code, in the sum of $25,000.

Under the order first made fixing the amount of the bond to be given, a bond was drawn and signed by the principals and five sureties. It referred to the assignment of January 30th and the order of that date, and proper certificates were attached to it, showing that four of the sureties justified thereon on February 12th and one on February 17th. The bond was approved by the judge of the court who made the orders, on February 18, 1886.

On August 2, 1888, the defendant recovered a judgment against Bryant for the sum of $3,728.29, and on February 12, 1890, an execution was issued on this judgment and placed in the hands of the sheriff of San Joaquin County for service. The sheriff levied the execution on the real property in dispute, and under it sold the property to the defendant in part satisfaction of his judgment on March 8, 1890. No redemption from the sale was had, and on September 15, 1890, the sheriff executed to the defendant a deed of the property, which was duly acknowledged and recorded on the same day.

1. Appellant contends that the deed of assignment was never recorded in the proper book, and hence that it was void as against him.

The law authorizes an insolvent debtor to make an assignment for the benefit of his creditors, and the provisions relating to such assignments are found in sections 3449 to 3473 of the Civil Code. Some of these sections were amended in 1889. The following, as they stood before the amendments, need only be referred to:—

"Sec. 3458. An assignment for the benefit of creditors must be in writing, subscribed by the assignor or by his agent thereto, authorized by writing. It must be acknowledged or proved and certified in the mode prescribed by the chapter on Recording Transfers of Real Property, and recorded as required by sections 3463 and 3464," etc.

"Sec. 3459. Unless the provisions of the last section are complied with, an assignment for the benefit of creditors is void against every creditor of the assignor not assenting thereto."

"Sec. 3463. An assignment for the benefit of creditors must

be recorded, and the inventory required by section 3461 filed with the county recorder of the county in which the assignor resided at the date of the assignment," etc.

"Sec. 3465. An assignment for the benefit of creditors is void against creditors of the assignor and against purchasers and encumbrancers in good faith and for value, unless it is recorded," etc.

"Sec. 3466. Where an assignment for the benefit of creditors embraces real property, it is subject to the provisions of article IV. of the chapter on Recording Transfers, as well as to those of this title."

"Sec. 3473. An assignment for the benefit of creditors, which has been executed and recorded so as to transfer the property to the assignee, cannot afterwards be canceled or modified by the parties thereto without the consent of every creditor affected thereby."

It is argued that section 4235 of the Political Code provides how and in what books the different kinds of papers are to be recorded by county recorders, and that when the deed in question was recorded in a volume of "miscellaneous" records it was not in compliance with the requirements of that section and did not constitute a recordation under the sections of the Civil Code above cited. Conceding, without deciding, this to be so, still the deed was undoubtedly valid as against the assignor and all creditors assenting to it, and it served to vest the assignor's title to the property in the assignees. (*Bryant* v. *Langford,* 80 Cal. 543; *Wilhoit* v. *Cunningham,* 87 Cal. 453.) It was at most void only against creditors not assenting thereto and against purchasers and encumbrancers in good faith and for value.

The question then is, Does the appellant come within either of these classes? He obtained his judgment on August 2, 1888, nearly two years and a half after the deed was executed, and the record entirely fails to show by averment or proof that he had any claim whatever against Bryant on February 16, 1886; but the statute evidently makes a deed of assignment void against non-consenting creditors only when they were such at the time it was executed, and not against those who might subsequently become such.

In *Kane* v. *Desmond,* 63 Cal. 464, there was a verbal gift of a piano by a husband to his wife. The piano was subsequently seized by the sheriff under an execution issued against the husband, and the wife brought an action to recover its possession or value. This court said the "transfer by gift was valid and effectual between herself and her husband and all the world, excepting existing creditors and *bona fide* subsequent purchasers without notice. There was no proof that Day— the execution creditor—was a creditor of the husband at the time of the gift, and there is no presumption that the gift was void as to him as a subsequent creditor." (And see *Hussey* v. *Castle,* 41 Cal. 239.) This being so, the contention of appellant that the deed was void as to him because he was a creditor cannot be sustained.

The only remaining question then under this head is, Was appellant a purchaser in good faith and for value? · There can be no pretense that he was such purchaser if he had notice, actual or constructive, of the prior deed at the time of his purchase, and the rule is well settled that the burden was cast upon him to show that he had not such notice. (*Long* v. *Dollarhide,* 24 Cal. 218.) In *Eversdon* v. *Mayhew,* 65 Cal. 167, it is said : "To entitle a party to protection as such a purchaser he must aver and prove the possession of his grantor, the purchase of the premises, the payment of the purchase-money in good faith and without notice, actual or constructive, *prior to and down to the time of its payment;* for if he had notice, actual or constructive, at any moment of time before the payment of the money, he is not a *bona fide* purchaser." (Citing numerous cases.)

Here there was no averment in the answer of defendant that he did not have notice of the deed of assignment to plaintiffs, nor was any proof offered by him tending to show a want of such notice; and the court found that ever since the date of their deed "plaintiffs have been and now are in possession of all the real estate and premises in the complaint mentioned, and each and every part thereof."

It must be presumed, therefore, that appellant had notice of the deed to respondents at the time of his purchase, and hence that he was not a purchaser in good faith.

2. Appellant also contends that the assignment was void,

because no bond was given by the assignees as required by section 3467 of the Civil Code. A bond was given and approved, as above stated, but it is objected that it was insufficient, because it referred to and purported to be made in pursuance of the deed of January 30th. *Bryant* v. *Langford*, 80 Cal. 542, was an action to set aside this same deed of assignment upon the ground that the assignees had failed to give the bond required by section 3467 of the Civil Code. It was held that the failure of the assignees to give the bond required did not affect the validity of the deed, or authorize an action by the assignor to set it aside; but appellant by his purchase at the sheriff's sale acquired the rights and interests of Bryant in the property, and can have no better standing before the court than Bryant had. If, therefore, Bryant could not have the deed set aside upon the ground stated, it must be clear that appellant cannot.

3. Appellant further contends that the deed of assignment was void as against him, because it conferred upon the grantees the power to sell the property therein described on credit. This contention is rested upon the provisions of section 3457, subdivision 5 of the Civil Code, which reads as follows:—

"An assignment for the benefit of creditors is void against any creditor of the assignor not assenting thereto, in the following cases:—

"5. If it confer upon the assignee any power which, if exercised, might prevent or delay the immediate conversion of the assigned property to the purposes of the trust."

The language objected to as making the whole deed void is found in the *habendum* clause, and is as follows:—

"To have and to hold the said real estate . . . . in trust and confidence, however, to sell and dispose of the said real estate . . . . using a reasonable discretion as to the times and modes of selling and disposing of said estate, as it respects making sales for cash or on credit, at public auction or by private contract or sale."

It is argued that the giving to the assignees a reasonable discretion, as to making sales of the property for cash or on credit, was in violation of the section of the code above quoted, because, if exercised, it *might* delay the immediate conversion of the property to the purposes of the trust.

There are two sufficient answers to this contention. In the first place, as before stated, it does not appear that appellant was a creditor when the deed was executed, and if not, he cannot be heard to complain of it; and in the second place, the deed conveyed to the grantees all of the grantor's property "for the benefit of all his creditors, without any preference or priority other than that provided by law." The "reasonable discretion" conferred upon the grantees as to selling the property must therefore be treated as a lawful discretion, or, in other words, such discretion as they were authorized by law to exercise.

4. It is objected that there has been unusual and unwarranted delay on the part of the trustees in the execution of their trust. The delay has certainly been unusual, but it is probably accounted for by the large number of suits which have been instituted to determine the rights of different claimants to the property. The records show that six of the cases besides this have been brought to this court on appeal.

The judgment and order appealed from should be affirmed.

TEMPLE, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

McFARLAND, J., FITZGERALD, J., DE HAVEN, J.