## PURSER v. CADY.*

### Sac. No. 183; June 17, 1897.

#### 49 Pac. 180.

**Execution Sale—Reversal of Judgment—Title of Purchaser.—** Plaintiff claimed title to certain land under execution sale and sheriff's deed to his grantors. After such sale the judgment was reversed in the supreme court as far as it awarded counsel fees, but was in all other respects affirmed. Held, that, since no order for the restitution of the property sold was ever made, as provided by Code of Civil Procedure, section 957, plaintiff's title acquired by the execution sale was not affected by such reversal.

**Execution Sale—Relation of Deeds.—Where Judgments are Rendered** foreclosing liens for labor, the liens relate back to the time when the labor for which they were claimed commenced, and the deeds executed in pursuance thereto take effect by relation to the time the liens attached.

**Execution Sale.—In Order to Recover Possession of Property** purchased at execution sale, it is necessary to introduce in evidence the judgment as a basis of the execution.

APPEAL from Superior Court, Lassen County; W. T. Masten, Judge.

Action by Edward T. Purser against Frank P. Cady. Judgment for plaintiff and defendant appeals. Affirmed.

Goodwin & Goodwin for appellant; L. A. Shinn for respondent.

BELCHER, C.—The property involved in this case is situated in Lassen county, and described as that certain storage reservoir known as "Ball's Canyon Reservoir," or

---

*For subsequent opinion in bank, see 120 Cal. 214, 52 Pac. 489.

"Ward's Lake," located upon certain described sections of land, and a canal leading from said reservoir in an easterly direction to or near the town of Amedee, and known as the "Eagle Lake Company Canal." The action was commenced April 3, 1895, and it is alleged in the complaint that the plaintiff is the owner, in possession, and entitled to the possession of the said property, and of all water, water rights and appurtenances connected therewith; that defendant threatens and intends wrongfully and forcibly to take possession of said property, and to deprive plaintiff of the use thereof, and will do so unless restrained by an order of the court, to plaintiff's irreparable damage; and that defendant is insolvent, and unable to respond in damages, wherefore judgment is asked that defendant be perpetually enjoined from entering upon, taking possession of, or in any way interfering with the said property. Defendant answered, denying each allegation of the complaint, and by way of cross-complaint alleged that he was, and ever since the twenty-fourth day of August, 1894, had been, the owner of the said reservoir and canal, and asked the court to quiet his title thereto as against the claims of the plaintiff. Plaintiff answered the cross-complaint, denying all of its allegations, and again setting up title in himself. The issues raised by the cross-complaint were first tried, and as the result of the whole trial the court found all the facts in favor of the plaintiff, and, on July 12, 1895, gave judgment as prayed for in the complaint. From that judgment the defendant appealed, and has brought the case here on a bill of exceptions.

At the commencement of the trial it was stipulated that both parties claimed title to the premises from a common source, the Eagle Lake Land and Irrigation Company, a corporation. To establish his title, the defendant relied on a judgment recovered by him against the said corporation in the superior court of Lassen county on June 13, 1893, upon a money demand; an execution issued on the judgment on January 25, 1894, and a sale thereunder on February 23, 1894, at which he was the purchaser, and a sheriff's deed executed to him on August 24, 1894. To establish his right to the property the plaintiff relied upon the following three sources of title: (1) Two judgments recovered in the superior court of Lassen county on February 5, 1894, by T. C.

Riggs and J. P. Keener against the said corporation, foreclosing alleged liens for labor performed by the plaintiff in the actions on the said reservoir and canal during the years 1892 and 1893; orders of sales issued on the said judgments, and sales thereunder on March 24, 1894, at which Riggs and Keener were the purchasers; two sheriff's deeds to the purchasers, executed October 2, 1894; and conveyances of the said property subsequently made by Riggs and Keener to the plaintiff here for the consideration of $450 paid to each of the grantors. (2) A decree of foreclosure rendered December 4, 1894, in an action commenced March 26, 1894, in the superior court of Lassen county by the plaintiff herein against the said corporation, the defendant, Frank P. Cady, and others, to foreclose a mortgage upon the said reservoir and its appurtenances, executed on May 24, 1892, by the corporation to the plaintiff, to secure payment of its promissory note for $6,800, of the same date; an order of sale on the said decree issued December 5, 1894, and a certificate of sale showing plaintiff to be the purchaser of the property, dated January 7, 1895. (3) A decree of foreclosure, rendered May 1, 1894, in an action commenced December 15, 1893, in the superior court of Lassen county by the plaintiff herein against the said corporation, the defendant, Frank P. Cady, and others, to foreclose a mortgage upon the Leavitt irrigation system, executed August 2, 1892, to secure payment of certain promissory notes; an order of sale and a deed of the property executed to the plaintiff herein before the commencement of this action by the commissioner duly appointed to make the sale.

The finding of the court that plaintiff was in possession of the property in controversy is not questioned, and there was evidence tending to show that his possession commenced, with the permission of the owner, early in 1893. Appellant, however, contends that none of the other findings in favor of the plaintiff were justified by the evidence. The first questions, then, to be considered relate to the Riggs and Keener judgments and the deeds executed in pursuance of sales thereunder, through which plaintiff claims title. It appears from the record that on February 1, 1895—a year less four days after the judgments were entered—the defendant corporation caused to be served and filed notices of appeal therefrom to the supreme court; and our attention is called

by counsel to the fact that in December following the judgments were reversed in so far as they awarded counsel fees, and declared that the plaintiff was entitled to a lien upon the property of the defendant, and directed a sale of such property, but in all other respects affirmed: Keener v. Irrigation Co., 110 Cal. 627, 43 Pac. 14; Riggs v. Irrigation Co. (Cal.), 43 Pac. 15. Did these reversals have the effect to destroy the title which had apparently vested in the plaintiff more than a year before the decisions were rendered? The judgments were regular in form, directing the sale of the property to satisfy liens which were adjudged to exist, and were rendered by a court having jurisdiction of the parties and the subject matter, and at the time of the commencement of the actions notices of lis pendens in due form were recorded in the office of the county recorder.

The Code of Civil Procedure contains the following provisions:

"Sec. 945. If the judgment or order appealed from direct the sale or delivery of possession of real property, the execution of the same cannot be stayed unless a written undertaking be executed on the part of the appellant," etc.

"Sec. 957. When the judgment is reversed or modified, the appellate court may make complete restitution of all property and rights lost by the erroneous judgment or order, so far as such restitution is consistent with the protection of a purchaser of property at a sale ordered by the judgment, or had under process issued upon the judgment, on the appeal from which the proceedings were not stayed; and for relief in such cases the appellant may have his action against the respondent enforcing the judgment for the proceeds of the sale of the property, after deducting therefrom the expenses of the sale."

In the cases referred to it does not appear that any order for the restitution of the property sold was ever made by the appellate court or the superior court. The purchaser's title to the property was, therefore, not affected by the reversals, and appellant's remedy, if any he had, was an action for damages: Reynolds v. Hosmer, 45 Cal. 616; Withers v. Jacks, 79 Cal. 297, 12 Am. St. Rep. 143, 21 Pac. 824; Spring Valley Waterworks v. Drinkhouse, 95 Cal. 220, 30 Pac. 218. The liens foreclosed related back to the time when the labor for which they were claimed commenced (Ger-

mania Building etc. Assn. v. Wagner, 61 Cal. 349; Pacific
Mut. Life Ins. Co. v. Fisher, 106 Cal. 224, 39 Pac. 758), and
the deeds executed in pursuance of the judgments of fore-
closure took effect by relation at the time the liens attached
(Freeman on Executions, sec. 333; Sharp v. Baird, 43 Cal.
577; Porter v. Pico, 55 Cal. 165; Brady v. Burke, 90 Cal.
1, 27 Pac. 52). Appellant had at least constructive notice
of the liens claimed at the time of his purchase, and he was,
therefore, not a bona fide purchaser without notice. "To
entitle a party to protection as such a purchaser, he must
aver and prove the possession of his grantor, the purchase
of the premises, the payment of the purchase money in good
faith, and without notice, actual or constructive, prior to
and down to the time of its payment, for, if he had notice,
actual or constructive, at any moment of time before the
payment of the money, he is not a bona fide purchaser":
Eversdon v. Mayhew, 65 Cal. 163, 3 Pac. 641; Wilhoit v.
Lyons, 98 Cal. 409, 33 Pac. 325.

There was no error in admitting in evidence the Riggs
and Keener judgments. "For the purpose of recovering
possession of the property purchased at a sale under such
execution, it is necessary to introduce in evidence the judg-
ment as the basis of the execution, and, if the enforcement
of the judgment has not been stayed, the fact that an appeal
therefrom has been taken does not prevent the judgment
from being received in evidence and considered": Colton
Land and Water Co. v. Swartz, 99 Cal. 284, 33 Pac. 878.
There was evidence that defendant said he had been ad-
vised to take possession, if need be, with a shotgun, and that
he was going to take possession. Under the circumstances
shown, plaintiff was clearly entitled to institute and maintain
an action to enjoin defendant from entering upon and taking
possession of the property. In view of what has been said,
it is unnecessary to consider the plaintiff's second and third
sources of title. We find in the record no valid ground for
reversal, and advise that the judgment be affirmed.

We concur: Haynes, C.; Chipman, C.

PER CURIAM.—For the reasons given in the foregoing
opinion the judgment is affirmed.