[Civ. No. 2508.   First Appellate District, Division One.—February 25, 1919.]

## P. W. GARN, Respondent, v. HORACE THORWALDSON, as Sheriff, etc., et al., Appellants.

[1] ASSIGNMENT FOR BENEFIT OF CREDITORS — FAILURE TO COMPLY WITH CODE SECTIONS—HOW FAR VALID.—An assignment for benefit of creditors, though failing to comply with all the requirements of a statutory assignment prescribed by sections 3449 to 3473 of the Civil Code, is valid as against the assignor and all creditors assenting to it, and serves to vest the assignor's title to the property in the assignee. It is. at most, void only against creditors not assenting thereto and against purchasers and encumbrancers in good faith and for value.

[2] FRAUDULENT CONVEYANCES—SALES WITHOUT IMMEDIATE DELIVERY AND CHANGE OF POSSESSION.—A sale of personal property, though not followed by immediate delivery and actual and continued change of possession as required by section 3440 of the Civil Code, is not a nullity, but is good against all the world except the creditors of the vendor, and is good against them except when attacked in proceedings for the collection of their debts.

[3] ID.—TITLE OF BUYER.—The buyer of personal property, though the sale is not followed by immediate delivery and actual and continued change of possession, acquires good title as against all the world except creditors of the original vendor and against them also if he is a purchaser in good faith for value and without notice.

[4] ASSIGNMENT FOR BENEFIT OF CREDITORS—WHEN VALID.—In the case at bar an assignment from an oil company to the plaintiff was a valid assignment for the benefit of the company's creditors, and divested the company of all title in and to the real and personal property thereby transferred.

[5] ID.—LACK OF IMMEDIATE DELIVERY AND CHANGE OF POSSESSION.— An assignment for the benefit of creditors is not void under section 3440 of the Civil Code for lack of immediate delivery and change of possession, since that section is expressly made inapplicable to assignments for the benefit of creditors.

APPEAL from a judgment of the Superior Court of Fresno County.   Geo. E. Church, Judge.   Affirmed.

The facts are stated in the opinion of the court.

H. E. Barbour for Appellants.

Edmund Tauszky and Johnston & Jones for Respondent.

WASTE, P. J.—The defendant, Thorwaldson, as sheriff of Fresno County, sold a quantity of oil-well casing, after third-party claim duly made on him by the plaintiff here, under execution issued out of the superior court of that county, on a judgment in favor of one J. W. Moore, plaintiff, and against J. M. Hendrickson et al., as trustees to settle the affairs of the Blair Oil Company, after charter forfeited, defendants. The plaintiff here brought this action against the sheriff, and the other defendant, the surety on his official bond, for damages for the conversion. Judgment went for the plaintiffs, and defendants appeal.

On February 12, 1912, the said Blair Oil Company being indebted to various creditors in an amount in excess of twenty thousand dollars, duly executed and delivered to Garn, the plaintiff here, an instrument in writing whereby it did "grant, sell, assign, transfer, convey and set over" unto him its real property in Fresno County, together with all the improvements, and personal property, "of whatever kind and nature" thereon, also all its leases, contracts, claims, and accounts connected therewith. This conveyance, or assignment, was made to Garn, in trust, to develop and operate said land; to manage, sell, and dispose of any and all of the property transferred to him; to collect the choses in action and settle and compromise all claims and demands, all "for the interest or benefit of the creditors of" the Oil Company. The instrument further provided that after payment by the trustee of the expenses of the trust, distribution, and payment "of the remainder of the proceeds and income to, and among all the creditors of the party of the first part ratably in proportion to their respective debts," any surplus remaining should be paid, and any property unsold or undisposed of should be retransferred, to the Oil Company.

The assignment was jointly and severally consented to in writing by each and all the creditors of the company. It was delivered to the trustee, but was never recorded. At the time it was so made and delivered the quantity of oil-well casing, which was subsequently attached and sold under the execution sale herein before referred to, was in a pile on the real property, and near oil well No. 2, thereon.

On March 1, 1913, the Blair Oil Company forfeited its charter by failing to pay its franchise tax.

When the present case came on for trial in the lower court, in addition to showing the foregoing facts, the plaintiff introduced considerable testimony tending to show that the transfer of the property, by the Oil Company to the trustee, was accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred. This evidence was offered, apparently, for the purpose of showing that the requirements of section 3440 of the Civil Code, relating to fraudulent transfer of personal property, had been complied with. The allegations of the complaint setting forth the due proceedings culminating in the execution sale were admitted by failure to deny, and the only issue presented by the pleadings was as to validity of the assignment to Garn, the trustee, and his claim of ownership of the personal property.

Defendants thereupon sought to show that on August 26, 1913, six months after the forfeiture of the charter of the Oil Company, and a year and a half after the making of the assignment by the company to Garn, J. W. Hendrickson, who at all times, up to the forfeiture of the charter by the corporation, had been its president and one of its directors, and at that time, therefore, one of its trustees, by operation of law, to settle up its affairs, had employed J. W. Moore, to go, and that he did go, upon the real property which was described in the assignment, and take possession and control of the personal property thereon, and watch and preserve the same for, and as the possession of, the Blair Oil Company; that, as the employee and servant of the Blair Oil Company, said Moore remained in possession and control of the personal property until he brought the suit against the trustees of the Blair Oil Company, in March, 1917, and recovered the judgment on which the execution issued which led to the sale complained of here.

Defendants also offered to show that Garn, trustee under the assignment, had never taken possession of the property or exercised over it any acts of ownership as required by section 3440 of the Civil Code; that Moore never had notice of the assignment to Garn, and never saw Garn, or anyone representing him, in connection with the property until four years after the assignment; that Garn then stated to him that he was not responsible for Moore's wages and did not know him in the transaction.

Defendants' object in offering the foregoing testimony was to offset the showing of plaintiff as to the delivery of the personal property, transferred by the assignment to the trustee, and for the further purpose of establishing, under the provision of the same section of the code, that Moore, plaintiff in the suit whence arose the execution sale, became a creditor of the Blair Oil Company (or its trustees settling its affairs) while it remained in full possession of the property.

Sustaining the objections of the plaintiff to the offered testimony, the trial court held that the "only question for the consideration of the court was as to whether the property was put out of the hands of the corporation by the assignment." Defendants rested without further showing, whereupon the court made its finding that plaintiff was owner of the casing and gave him judgment against defendants for its value at the time of the conversion.

Defendants claim that the court erred in its ruling and judgment, and on appeal base their contention on the grounds, first, that the assignment by the Blair Oil Company to Garn was not a valid assignment for the benefit of creditors, and, second, that if the assignment was valid at the time it was made, it was void as to Moore, who later became a creditor while the property still remained in the possession of the Oil Company, and its trustees. They base their argument on their construction of section 3440 of the Civil Code relating to fraudulent transfers, and section 3449 et seq. of the same code relating to assignments for the benefit of creditors.

Section 3440 of the Civil Code, as it stood at the time of making the assignment, so far as pertinent to this discussion, was as follows:

"Every transfer of personal property, . . . is conclusively presumed if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any persons on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or encumbrancers in good faith subsequent to the transfer; provided, however, . . . that the pro-

visions of this section shall not apply or extend . . . to any transfer or assignment made for the benefit of creditors generally. . . . ''

Sections 3449 to 3473 of the Civil Code provide the procedure by which an insolvent debtor may in good faith execute, to the sheriff of the county in which he resides, an assignment of property in trust for the satisfaction of his creditors. One of these sections, 3458, provides that the assignment and the transfer by the sheriff must be in writing and properly subscribed, acknowledged, and recorded, in the mode prescribed by the chapter on recording transfers of real property. The next section, 3459, provides that unless the provisions of said section 3458 are complied with, an assignment for the benefit of creditors is void against every creditor not assenting thereto.

[1] It cannot be seriously contended that the instrument here complies with the foregoing sections, 3449 to 3473. On the appeal, respondent admits it does not measure up to the requirements of a statutory assignment. An assignment which falls short of the requirements of these sections, however, is valid as against the assignor and all creditors assenting to it, and serves to vest the assignor's title to the property in the assignee. It is, at most, void only against creditors not assenting thereto and against purchasers and encumbrancers in good faith and for value. (*Wilhoit* v. *Lyons,* 98 Cal. 409, [33 Pac. 325].)

[2] It is likewise the law that a sale of personal property, though not followed by immediate delivery, and actual and continued change of possession, as required by section 3440 of the Civil Code, is not a nullity, but is good against all the world except the creditors of the vendor, and is good against them also except when attacked in legal proceedings for the collection of their debts; and that the vendee, being the owner, can convey title thereto, [3] and the purchaser from him will, in any event, acquire a title good against all the world, except the creditors of the original vendor, and against them also if he is a purchaser in good faith. for value, and without notice. (*Paige* v. *O'Neal,* 12 Cal. 483; *Wilhoit* v. *Lyons, supra; Williams* v. *Borgwardt,* 119 Cal. 81, [51 Pac. 15].) Such assignments pass the title to the assignee and the assignment becomes irrevocable. (*Bryant* v. *Langford,* 80 Cal. 542, [22 Pac. 219].)

The supreme court of this state has said: "If the conveyance is to a trustee, and the debtor intends to divest himself not only of the title to the property, but of all control over it; if it is intended as an absolute conveyance of all his property, and is made for the purpose of securing a distribution of its proceeds among his creditors, in legal effect it is an assignment for the benefit of creditors . . . The material and essential characteristic of a general assignment is the presence of a trust. . . . The provision that a surplus of proceeds remaining after satisfaction of the claims of the creditors named should be returned to the grantor does not distinguish the contract as one of security only. The reservation of an interest in the possible surplus—not in the property itself—marks the transaction more clearly as an assignment for the benefit of creditors." (*Sabichi* v. *Chase,* 108 Cal. 86, 87, [41 Pac. 30].)

[4] We are of the opinion that the assignment from the Blair Oil Company to Garn was a valid assignment for the benefit of the company's creditors, and divested the company of all title in and to the real and personal property thereby transferred.

Appellant's remaining contention is that even if the assignment was valid at the time it was made, it subsequently became void as to Moore, under section 3440 of the Civil Code (*supra*), by reason of the fact that he became a creditor of the corporation, or its trustees settling its affairs, after forfeiture of its charter, while they remained in possession of the personal property, described in the assignment; that had the defendants been allowed to introduce the proffered evidence, it would have established those facts; that such facts being shown, it would follow as a conclusion of law that the property was rightly seized by Moore in the hands of Garn, the trustee, as though there had been no attempted transfer by the Oil Company. If the assignment had been executed to effect merely an ordinary transfer of personal property, this contention of appellant would be sound. (*Watson* v. *Rodgers,* 53 Cal. 401; *Rohrbough* v. *Johnson,* 107 Cal. 149, [40 Pac. 37].)

[5] But, as already pointed out, the assignment in question was one for the benefit of creditors generally. By its own terms, section 3440 of the Civil Code does "not apply or extend to any transfer or assignment for the benefit of creditors generally."

The testimony sought to be introduced by defendants in the court below was therefore immaterial, and not in response to any issue within the pleadings in the case. The ruling of the court excluding the evidence was correct, and judgment followed accordingly.

Said judgment is therefore affirmed.

Richards, J., and Kerrigan, J., concurred.