## No. 18,448.

INTERNATIONAL BROWN DRILLING CORPORATION *v.*
FERGUSON TRUCKING CO., INC. ET AL.

(347 P. [2d] 773)

Decided December 14, 1959.   Rehearing denied January 4, 1960.

VICTORIA F. GROSS, for plaintiff in error.

Mr. GRAYDON F. DOWIS, JR., Messrs. KREAGER & SUB-LETT, for defendant in error Ferguson Trucking Co., Inc.

*In Department.*

Opinion by Mr. Justice Day.

## FOREWORD

The playwright makes use of a vehicle — the scenario — not only to outline but to keep his objective clear and in focus through a maze of complications occasioned either by the factual situation or by the number of characters involved. This method, or technique, seems admirably suited for an explanation of this case.

## CAST OF CHARACTERS

Dial and Petrie — Members of an insolvent partnership.

Petrie Drilling Company — The name under which they operated in California.

J. P. Butler — Trustee to the partnership for the benefit of creditors.

Diablo Drilling, Inc. — A Colorado corporation formed by the partners to start anew.

The rig — The equipment involved in the suit.

D and H Diesel Power, Inc. — not appearing here.

International Brown Drilling Corporation — Plaintiff in error, a drilling corporation claiming title to the rig.

Ferguson Trucking Co., Inc. — Defendant in error, a Diablo creditor who attached the rig.

## PROLOGUE

Dial and Petrie were partners in the oil drilling business in California. Unable to meet their obligations and finding themselves in debt in excess of $200,000, they made an assignment of all of their property and assets to J. P. Butler as trustee for the benefit of creditors. The assignment was duly recorded in conformance with California law, and Butler took control of the property and undertook to realize as much cash as possible for the California creditors. Among the assets was the rig, valuable heavy machinery used in oil well drilling. With their partnership assets now conveyed to Butler and he being in complete control and charged with the duty of

converting them into cash, Petrie and Dial came to Colorado to get a new start.

## THE STORY

Petrie, Dial and another associate, W. E. Burnett, formed Diablo and began oil and gas exploration in the Denver-Julesburg basin. In the meantime Butler had found that the rig was a piece of equipment for which there was not a ready market, so arrangements were made to lease it to Diablo, and it was sent to Colorado where it was used in drilling operations. Diablo paid to Butler approximately $7000 rent on the equipment. As time passed Diablo fared little better than had the California partnership and experienced difficulty in meeting the demands of its creditors.

## THE TRIAL

Ferguson Trucking was one of the creditors Diablo hadn't paid, as a consequence of which, on February 25, 1956, it brought suit for the money it claimed was owing by Diablo. On the same day it filed an affidavit in attachment in which it was alleged that the property of Diablo — to-wit: the rig — was about to be removed from the State of Colorado, and that such removal would hinder and delay creditors. Writ of attachment issued and the sheriff levied upon the rig. That the rig was about to be moved out of Colorado was true, but it developed in the trial that it was not for the reasons assigned by Ferguson. Approximately ten days before Ferguson brought suit, Butler had sold the rig to International Brown, and it was the purchaser, not Diablo, who was about to remove the rig from the State of Colorado. When International Brown sought to take possession of the rig it found it in the hands of the sheriff, and so intervened in the attachment suit between Ferguson and Diablo, claiming the property and asking for its release. In order to get the equipment moved to the place where it was needed, International Brown posted a redelivery bond. The suit was tried on the issue of the title of International Brown to the rig.

The court found — and this is the error we discover — that ownership of the rig was in the defunct California partnership. The court further found that since International Brown must stand on the strength of its own title and not on the weakness of Ferguson's levy. on the rig, Ferguson could satisfy its judgment against Diablo from the attached property or from the redelivery bond posted by Brown.

## OUR DECISION

The ownership of International Brown to the rig was irrefutably established by the record plus tendered documents which the court erroneously. rejected. Butler was a witness at the trial and testified as to his trusteeship. The assignment to him showing it was recorded in California a year before was offered in evidence and admitted by the court. Butler further testified of the complete control he had exercised over the partnership assets and that he was a party plaintiff in a number of lawsuits to collect the partnership accounts receivable. He had paid all income taxes of the assignor partnership, had paid all taxes assessed against the rig, had collected $7000 in rentals, and had done every other act that a trustee for the benefit of creditors is required to do. He testified that on February 15, ten days before the Ferguson attachment suit, he had a chance to sell the rig and did so. A check for $40,000, which he received in payment for the rig, was marked and received in evidence. The bill of sale from Butler to International Brown was offered in evidence, but the court rejected it. The reason therefor is not clear. Having rejected the bill of sale, the court then found that Brown didn't show title to the rig.

We hold the assignment, the sale, and payment of the purchase price, and the delivery of the bill of sale demonstrated a complete chain of title which effectively put ownership of the rig in International Brown. Ferguson presented no credible evidence to the contrary. The credit manager of Ferguson testified that at the

time he made the affidavit of attachment there had been no investigation as to the ownership of the rig; he had never seen any financial statement nor any other evidence listing the rig as the property of Diablo; he did not inquire of any officer of Diablo as to whether it did or did not own the rig.

## THE LAW

An assignment for the benefit of creditors operates as a conveyance and not as a mere power. There is nothing remaining in the assignor but the incidental right to discharge the trust by the payment of the debts or claim. He may then claim whatever residue remains after the debts are paid. The assignment vests a legal title in the assignee, places the property beyond the control of the assignor and beyond the reach of any of his creditors except those who have the right under the assignment to share in the distribution of the assigned estate. 4 Am. Jur. §97, p. 384. In Colorado common law assignments for the benefit of creditors are recognized. *Cornforth v. Maguire*, 12 Colo. 432, 21 Pac. 191; *Damaskus v. McCarty-Johnson Heating and Engineering Company*, 88 Colo. 279, 295 Pac. 490; *McMinn v. Harrison*, 93 Colo. 5, 23 P. (2d) 944. The rule is the same in California. *Jarvis v. Webber*, 196 Cal. 86, 236 Pac. 138. California has said that such assignment could be void only as against non-assenting creditors or subsequent purchasers or encumbrancers from the assignor who had no notice of the assignment and who, in good faith, paid value. *Garn v. Thorwaldson*, 40 Cal. App. 62, 180 Pac. 9. There is, of course, no evidence that Ferguson had any dealings with the California partnership.

From the record it is apparent that Diablo (the debtor whose property only could satisfy the debt) did not have ownership of the rig. The finding that the partnership still owned it and that the trustee could not convey it is not supported by the record. International Brown proved prima facie ownership which is uncontradicted and unimpeached.

### EPILOGUE

The judgment is reversed with directions to the trial court to vacate the attachment and to discharge the sureties on the redelivery bond, and for further proceedings on International Brown's claim for damages for detention of the rig and for assessment of costs.

MR. JUSTICE SUTTON concurs.

MR. JUSTICE HALL concurs in the result only.