Reed, J.,
after stating the facts, delivered the opinion of the court.
An assignment, under our statute, cited above, to be valid must be a general assignment of all the property, real and *428 personal, of the assignor, and the deed, upon its face, must show that it embraces all the property of the assignor. The language of the statute is : “ may make a general assignment of all Ms property for the benefit of Ms creditors by deed,” etc.
In Barnitz v. Rice, 14 Md. 24, it is said: “We do not wish to be understood as saying any particular words are necessary to be used, but only that such must be employed as will convey all the debtor’s property. All that is required is that the words should comprehend all, and thereby negative every presumption that there is other property.” See McClurg v. Lecky, 8 Pen. & W. (Pa.) 83; Grover v. Wakeman, 11 Wend. (N. Y.) 187; Gadsden v. Carson, 2 Rich. Eq. (S. C.) 252; Gibson v. Finley, 4 Md. Ch. Dec. 75; Ins. Co. v. Wallis et al., 23 Md. 182.
It is a well settled rule of construction, that when the deed in general terms, purports to convey all the property, and afterwards enumerates and designates the property assigned, such special designation controls the general words, makes the assignment special instead of general, and renders the deed inoperative and void. Burrill on Assign. 192, 195, 485; Barnitz v. Rice, supra ; Bock v. Perkins, 28 Fed. Rep. 123; U. S. v. Howland, 4 Wheat. 103.
There are in the deed of conveyance no words evidencing either the desire or intention to convey all the property of the assignor; the only conclusion that can be legally deduced from the language used is that the assignment was to be special, of the property enumerated, viz., “ all of the accounts, debts, dues, notes, bills,- bonds and demands, goods, wares and merchandise, named and specified in a schedule and inventory to be hereinafter filed.” The language used instead of negativing every presumption that there was other property, not conveyed, would clearly indicate that the property conveyed was specially selected and set apart from the body of the estate. It follows from the authorities cited that in this respect the deed was void and invalid.
There was also an absolute failure to comply with sec. 170. No inventory was annexed to such deed of assignment. All *429 that was said is,- “ amount of stock on hand about 135,000.” What kind of stock ? The word stock in no way connects the schedule with the property assigned; there was no assignment of “ stock ” made, nor was there any inventory made of any property designated and attempted to be conveyed by the deed. It may, possibly, by the words “goods, wares and merchandise,” used, be inferred that the assignor was engaged in a mercantile business, but there is no such assertion. The only statement is, “ that he was residing and doing business in the city and county of Pueblo.” It would be equally true, and the word “stock,” used in the supposed inventory, equally applicable, if he was engaged in raising sheep, cattle or horses.
By the same section (170), the assignor is required to give a list of his creditors, their names, residences, if known, and the amounts of their respective demands. Only a partial list of creditors was given — the records of the court show a half dozen or more firms and individuals, whose names did not appear in the list, instituted proceedings by attachment before the list.was made out and filed. Clearly, no honest attempt, even, was made to comply with the statute. The assignor is also required to verify the inventory and list of creditors, under oath. The proceedings were, in this respect, fatally defective. The statute, as in all cases where such language is used, requires an affidavit subscribed by the party, and the certificate of an officer that an oath was administered —neither appears.
The deputy clerk certifies he appeared, not before him, but before “ J. S. Stewart, County Clerk,” etc. These statutory provisions cannot be dispensed with — a material failure to comply with them or a serious departure vitiates the whole proceeding. The inventory required is for the purpose of identification. The deed may in general terms convey all the property of the grantor in trust for all creditors. The inventory required by law, when attached to the deed of assignment, becomes a part of it — designates and defines the conveyance by showing the amount, quantity and spe *430 cific character of each and every part of the estate conveyed; without it, as in this case, the words of conveyance being so general, nothing passes, for there can be no identification; hence, the wisdom and necessity of a sworn inventory as required by statute, and of a strict compliance with it. The necessity of a full and complete inventory is emphasized and illustrated in this case. The goods to be taken by the writ were described in the complaint as “ a certain stock of leather and millinery goods now situate in the leather and millinery department of a certain building, known as the Bon Marche building,” etc. No such goods were conveyed, nor embraced in the inventory; there was nothing to connect them in any way with the property conveyed. That could only be done by parol evidence, which was inadmissible, and properly excluded by the court. As can be seen at once, the effect, if admitted, would be to make, by parol, a deed required by statute to be in writing executed by the grantor, verified by his oath and of record. It would not be to explain and apply the conveyance, but to supply the subject-matter, the property conveyed, required by statute to be embraced in it.
The judgment of the district court will be affirmed.

Affirmed.