BURCHINELL, PLAINTIFF IN ERROR, v. MOSCONI, DEFENDANT IN ERROR.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS.
The assignor is required to annex to his deed of assignment an inventory, under oath, of his estate. Such inventory becomes part and parcel of the conveyance, and limits and controls the general description in the assignment of the property.

2. SAME.
A deed of assignment must be sufficient in itself, without extrinsic aid, to designate the property conveyed.

3. SAME.
It is provided by statute that no deed of general assignment by an insolvent, or in contemplation of insolvency, for the benefit of creditors, shall be valid, unless by its terms it be made for the benefit of all his creditors, in proportion to the amount of their respective claims.

4. SAME.
The law requires a full and complete schedule under oath, so far as the

party has power to make it. A failure to comply with this require-
ment avoids the assignment.

*Error to the District Court of Arapahoe County.*

THIS was an action in replevin brought by defendant in
error claiming as assignee of Antonio and Joseph Sarcone,
against plaintiff in error, sheriff, who levied upon the goods
several writs of attachment after the assignment, and took
and retained them.

The following is the deed of assignment made to Mosconi:

"Know all men by these presents, that we, Antonio Sar-
cone and Joseph Sarcone, doing business as Sarcone Brothers,
for value received have this day sold and by these presents
do grant, assign and convey to Louis Mosconi, of the city of
Denver, County of Arapahoe and State of Colorado, all of
our property either real or personal, also all debts, dues and
demands of all and singular of all kind and quality whatso-
ever, and being specified in a schedule hereto attached and
annexed and marked 'Exhibit A.' To have and to hold to
said Louis Mosconi and his executors and assigns forever,
to the full use and benefit of the said Louis Mosconi in trust
however.

"For the use and benefit of the creditors of the said An-
tonio and Joseph Sarcone, as follows:

"That said Louis Mosconi as trustee of said Antonio and
Joseph Sarcone shall at once enter into the possession of all
the property of said Antonio and Joseph Sarcone, that he
shall as soon as he can and under the orders of the district
court of said Arapahoe county convert the same into money,
and out of the result of the same, as ordered by the Court
pay first the costs of this assignment, then the residue he
shall pay over to the creditors of the said Antonio and Jo-
seph Sarcone, a schedule of the same being hereto attached
and marked 'Exhibit B' and then if any surplus should
exist he shall pay the same over to said Antonio Sarcone.

"And that further said Louis Mosconi shall in all way

fully comply with the law and the orders and rules concerning the same, as fully as he can.

" In witness whereof the said partners Antonio and Joseph Sarcone have hereupon set their hands and seals this the 12th day of January A. D. 1892." Duly acknowledged by the grantors.

The following is a copy of the schedule of property and assets attempted to be conveyed: " All of lots No. 32 and 33, and 5 feet of the east side of lot 31 in Pierce's Addition to the city of Denver, Arapahoe County, State of Colorado of about the value of $5,500 subject however to a trust deed of $4,000.

" One lot of boots and shoes consisting of a miscellaneous lot usually kept in a shoe store and of the value of about $7,000.

" A lot of book accounts of about the value of say $250.

" Also the fixtures in store room at No. 1937 Larimer street of say about the value of $250."

Followed by a list of creditors whose aggregated claims · amounted to $5,830.20.

The schedules were verified as follows: " Joseph Sarcone, being duly sworn, deposes and says that I am one of the partners comprising the firm of Sarcone Bros., lately doing business at No. 1937 Larimer street, in the City of Denver, County of Arapahoe and state of Colorado, and that the foregoing and attached schedules marked ' A & B ' are a true list of the assets and liabilities of said firm as far as we are able to make at this time.          JOSEPH SARCONE."

The defendant (plaintiff in error) in answer, justified as sheriff under five writs of attachment sued out by parties whose names appear in the schedule of the creditors, and for further answer alleged that the deed of assignment was void, having been made for a part of their creditors only, to the exclusion of others. Further, that it was made for the purpose of delaying, hindering and defrauding certain creditors who had valid claims, etc.

A replication was filed. A trial was had to a jury. After

the evidence was concluded, on motion of plaintiff, the jury were instructed to disregard the evidence of the defendant and find for the plaintiff, which was done. Exception taken, and the cause brought here for review.

Messrs. BICKSLER & McLEAN, for plaintiff in error.

Messrs. ROSS & DEWEESE, for defendant in error.

REED, J., delivered the opinion of the court.

The only question urged, relied upon and necessary to be determined is the validity of the deed of assignment. It is controlled by the act of 1885. Session Laws, p. 43.

It is claimed that the deed is void for want of certainty and lack of necessary description of the property assigned. The assignor is required to annex to his deed of assignment an inventory *under oath* of his estate; such inventory becomes a part and parcel of the conveyance.

The general description in the assignment of the property conveyed is limited and controlled by the schedule attached. *Bock v. Perkins*, 139 U. S. 628.

In neither the general deed nor schedule is there any proper and definite description of the personal property conveyed.

In the schedule it is: "One lot of boots and shoes, consisting of a miscellaneous lot usually kept in a shoe store and of the value of about $7,000, a lot of book accounts of about the value of say $250." No number, city, street, county or state in any way identifying the goods is put in by way of description. A deed of assignment, like any other deed, must be sufficient in itself to designate the property conveyed without extrinsic aid. *Palmer v. McCarthy*, 2 Colo. App. 422; *Driscoll v. Fiske*, 21 Pick. (Mass.) 503; *Bock v. Perkins*, (*supra*); *Savings Bank v. Roche*, 93 N. Y. 374.

I am clearly of the opinion that the deed was void for want of proper description of the property conveyed, and

should not hesitate to so hold if there was necessity for it, but in this case there is a more serious and controlling defect which is of itself fatal to the validity of the conveyance. Sec. 3 of the act of 1885 is as follows: "No such deed of general assignment of property by an insolvent, or in contemplation of insolvency, for the benefit of creditors shall be valid, unless *by its terms it be made for the benefit of all his creditors*, in proportion to the amount of their respective claims." The deed upon the face does not purport to be made for the benefit of all the creditors of the firm, and the record and bill of exceptions clearly establishes the fact that it was not made nor intended to be made an assignment for the benefit of all of the creditors. It transpires and is shown by the evidence that at the time of making the assignment and schedule, claims, recognized as valid by the assignors amounting to about $3,000, were intentionally left out of the schedule and afterwards allowed by the district court. It is provided in sec. 2 of the act: "The assignor shall annex to such assignment * * * and *also a list of his creditors, giving their names, residence, if known, and the amount of their respective demands.*"

This provision of the statute was willfully and intentionally violated, as shown by the evidence. The verification stating: "And that the foregoing and attached schedules marked A. & B. are a true list of the assets and liabilities of said firm as far as we are able to make at this time," was false and known to be when made.

The assignment, whether so intended or not, was fraudulent under our statute, not being for the benefit of all the creditors; it made those who were named and scheduled preferred creditors.

The law requires a schedule under oath, a full and complete schedule, so far as the party has power to make it. Anything short of this is not compliance, and avoids the assignment.

The statutory law of assignments is remedial, in derogation of the rights of creditors, and must, like any other statutory

remedy, be strictly pursued. Its provisions are mandatory, and any important departure avoids and vitiates the whole proceeding.

For the reasons stated, the deed of assignment will be held void and inoperative, the judgment of the district court reversed, and the cause remanded.

*Reversed.*