STEVENS ET AL. v. MOSCONI ET AL.

ASSIGNMENT FOR BENEFIT OF CREDITORS.

When a deed of assignment under the statute is not made for the bene-
fit of all the creditors of the assignor, some of whom are excluded
from its benefits, it cannot be upheld.

*Error to the District Court of Arapahoe County.*

Messrs. BICKSLER, McLEAN & PERSHING, for plaintiffs
in error.

Mr. GEORGE Q. RICHMOND, for defendants in error.

BISSELL, P. J., delivered the opinion of the court.

A slight statement in addition to what appears in the case
of *Burchinell, Sheriff, v. Mosconi*, 4 Colo. App. 401, is essen-
tial to an intelligent disposition of this appeal. The appel-
lants brought this action to obtain a judgment concerning
the deed of assignment under which Mosconi claimed, and
to restrain him from disposing of the moneys which he had
received from the sale of a stock of goods which came into
his possession as assignee. In the former suit, the sheriff
had levied his process upon the goods, and Mosconi brought
replevin, setting up the assignment and his possession, and
got judgment. The court below adjudged the instrument
good and the assignment valid against the attaching creditors.
An appeal was prosecuted from the judgment, and at the
March term, 1894, the judgment was reversed. This court,
speaking through Judge Reed, decided that the instrument
under which Mosconi made title was illegal and invalid, and
conferred upon him as assignee no rights whatever. The
present appellants were execution creditors of the assignor,
and to prevent the assignee from disturbing the money after
the judgment in his favor, filed the present suit. Shortly

after the judgment in this case the opinion in *Burchinell v. Mosconi* was published, but, notwithstanding that conclusion, the appellee has seen fit to insist upon a trial and compel the creditors to prosecute this appeal. He here again attempts to sustain the instrument under which he claims, although it is not easy to perceive the reason for his procedure. The opinion of Judge Reed in the premises was able and satisfactory, and the court is not inclined to depart from its conclusions. The principal part of the assignee's complaint in his argument is that the judge was in error concerning his construction of the law respecting the necessity to observe the provisions of the statute with reference to the schedules which he might attach to his deed. There is no necessity to discuss or determine this question, and it will be left as it was in the original opinion. The court did not put its decision that the deed was invalid on the fact that the description of the property contained in the instrument and its schedule was inaccurate and insufficient. While the learned judge expressed his opinion concerning it, he expressly puts his decision upon the incontrovertible ground that when a deed of assignment under our statute is not made for the benefit of all the creditors, but some of them are expressly and by intention excluded from its benefits, the deed cannot be upheld. The court very properly concluded that the evidence clearly established this fact. On the trial of the present case, the testimony which was introduced in *Burchinell v. Mosconi* was by stipulation offered and received. We have the right, therefore, to assume that all the facts proven on the former hearing, as well as those produced at the present trial, are before us for consideration. The case has been strengthened by other proof, and we still conclude the deed was invalid, that Mosconi took no title, and the judgment creditors are entitled to recover. Since this is true, this case will be reversed and remanded.

*Reversed.*