## MOSCONI v. BURCHINELL.

1. LAW OF THE CASE.
The opinion upon a former appeal in this case is regarded as conclusive of the question decided.
2. DEED OF ASSIGNMENT.
A deed of assignment complying with the requirements of the statute is necessary to constitute one an assignee for the benefit of creditors.

*Appeal from the District Court of Arapahoe County.*

Mr. GEO. Q. RICHMOND, for appellant.

Messrs. BICKSLER, MCLEAN & PERSHING, for appellee.

REED, P. J., delivered the opinion of the court.

Appellant claimed a stock of goods by an alleged assignment claimed to have been made by Antonio and Joseph Sarcone. Appellee, as sheriff, levied an attachment upon the goods at the suit of creditors after appellant, as assignee, had taken possession. Appellant sued out a writ of replevin. A trial was had, resulting in a judgment for the plaintiff (appellant). An appeal was taken to this court, where the judgment was reversed and cause remanded. See *Burchinell v. Mosconi*, 4 Colo. App. 401. The case was retried and is again here on appeal.

On the former appeal, for reasons stated in the opinion, and on the authorities cited, the attempted assignment to appellant, as assignee, was held void and inoperative. Nothing has subsequently occurred to change the conclusion then reached, and on a second examination we are fully satisfied with its correctness; nor is such conclusion in any manner attacked on this appeal. If not acquiesced in, it is regarded as conclusive of the question.

Appellant by his counsel now urges a reversal on the following grounds: *First,* that the assignee was an officer of

the court and that the sheriff had not obtained permission of the court to levy attachments ; *second*, that the want of such permission was made the basis of a motion to dismiss, which was overruled, and is claimed to have been error.

The attempted assignment was under the act of 1885, p. 43, Session Laws of that year. The claim of counsel is based upon section 11, in which is the provision that the assignee shall at all times be subject to the order and supervision of the court or judge, etc.

The mistake or error of the learned counsel was in assuming that appellant was an assignee. To invest him with that character and the title and control of the property, a deed of assignment complying with the law was necessary. It is the origin, the foundation by which he becomes assignee. The deed having been declared void and inoperative, he was not vested with the position or title to the property, was a mere volunteer, and any interference on his part was unwarranted. Further discussion of the position seems unnecessary.

Counsel insist in argument that to insure an equal *pro rata* division of the proceeds of the property among the creditors he should be regarded as assignee, otherwise, as in this case, one creditor could absorb the estate. It is an equitable view, but not in harmony with well established principles.

The intention of the statute was to allow an insolvent debtor, by complying with its requirements, to provide for an equitable *pro rata* distribution of all property for the benefit of *all* of his creditors and be discharged. Failing to comply with the statute, the law has always been that the first creditor in point of time had the prior right, to even the whole estate if necessary to satisfy his claim, leaving the party still liable to all other creditors and unable to obtain a discharge. We fail to find any serious error in the findings of the district court and the judgment will be affirmed.

*Affirmed.*