CYRUS THOMPSON et al.

*vs.*

MINNIE A. DYER, AND FRANK L. SHAW, Trustee.

Washington. Opinion October 14, 1905.

*Trustee Process. Disclosure of Trustee. Costs. Plea. Accounting by Trustee. Assignment for Benefit of Creditors. Liabilities of Assignee. Statement as Evidence. Insufficient Disclosure. S. J. C., Rule XII. R. S., 1903, c. 88, §§ 19, 30, 31.*

1.  One summoned as trustee of the principal defendant in an action should file his answer and submit to examination at the return term. If he fails to do so without reasonable excuse he is liable to the plaintiff for all costs afterward arising in the suit, if the judgment in the action be for the plaintiff.

2.  The usual formulary statement, even if upon oath, that at the time of the service of the writ upon him the person summoned as trustee did not have in his hands any goods, effects or credits of the principal defendant is not the disclosure, the discovery, but is in the nature of a plea to be sustained or overruled according to the evidence adduced in the disclosure or otherwise.

3.  The disclosure of a person summoned as trustee must be complete and explicit, containing statements of facts, and not conclusions of law. Every statement that he desires to have considered as evidence must be direct and under the sanction of his oath, at least that he believes it to be true.

4.  In making his disclosure the trustee may refer to books, papers, etc., and thus make their contents part of his disclosure, but the reference must be so definite and specific that the court may know from the disclosure alone what is referred to.

5.  He may refer to and adopt the statements of others made to him or in their testimony, but in such case he must make oath that such statements are true or that he believes them to be true.

6.  When it is made to appear that before the service of the writ upon him, the trustee had in his hands goods, effects or credits entrusted to him by

the principal defendant, he must fully and particularly account for all such if he would avoid being charged generally.

7. One who accepts an assignment as assignee for the benefit of creditors, becomes the trustee of the assignor as to all goods, effects and credits so assigned, even though he does not take actual personal possession of them. He will be charged as such trustee unless he fully accounts for them.

8. The fact that all such goods, effects and credits so assigned were taken possession of by an attorney appointed by the assignee, and that such attorney undertook the sole management of them under the assignment, does not relieve the assignee from liability to be charged as trustee. All the acts of the attorney in the premises are presumably his acts.

9. A statement, even upon oath, by such attorney showing a full accounting for all such goods, effects and credits cannot be considered upon the question of charging the assignee as trustee, unless the latter makes such statement a part of his disclosure under his oath that at least he believes it to be true, or unless an issue has been formed by some appropriate allegation.

10. A statement in a trustee disclosure is evidence, and not an allegation under the statute R. S., c. 88, sec. 30, 31. The allegation which must be made to let in evidence other than the disclosure must be additional to, outside of, the disclosure proper.

11. In this case the trustee admits that before the service of the writ upon him he had accepted an assignment of certain goods, effects and credits of the principal defendant, and it is *held :*

1. That the statement of his attorney, though upon oath and in the form of a deposition, cannot be received as evidence for want of the statutory allegation by either party.

2. That it cannot be considered as a part of the trustee's disclosure, though referred to in it, because the trustee has not made oath that such statement is true, or that he believes it to be true.

3. That the trustee's disclosure is not sufficiently direct, full and explicit to relieve him from liability as trustee.

4. That he must be charged generally, the amount to be determined on scire facias when he may make further disclosure and perhaps be then relieved except from costs.

On exceptions by plaintiff.  Sustained.

Assumpsit on account annexed for merchandise sold and delivered by plaintiffs to principal defendant previous to October 6, 1899, amounting to $276.11 and interest thereon to date of writ, amounting to $6.43, the total amount of the account annexed being $282.54.

Frank L. Shaw of Machias, was alleged in the writ to be trustee of the goods, effects and credits of the principal defendant.

Service was duly made on the trustee on February 9, 1900. The writ was returnable to the April Term, 1900, of the Supreme Judicial Court, in and for Washington County, and was duly entered at said term. The principal defendant was duly defaulted.

No disclosure was filed by the trustee at the return term, and the trustee, although a resident of the County of Washington in which the writ was returnable, neglected without reasonable excuse to appear and submit to examination at the return term.

No disclosure was filed by the trustee until the April term, 1901, of said Court. At the April term, 1902, of said court, said trustee filed a further disclosure, and at the April term, 1903, of said Court, said trustee filed a further disclosure. At the hearing on these disclosures, the deposition and "additional statement" of W. R. Pattangall, attorney for the trustee, were offered and received in evidence against objection. Upon said disclosures, deposition and "additional statement," the presiding Justice discharged the trustee although without costs. Thereupon the plaintiffs excepted to the rulings and decision of the presiding Justice.

The case is sufficiently stated in the opinion.

*J. H. Gray and Albert S. Woodman,* for plaintiffs.

*W. R. Pattangall,* for defendant and trustee.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, POWERS, JJ.

EMERY, J. The contest in this case is wholly over the liability of Mr. Shaw summoned as trustee of the principal defendant. The writ was served upon him Feby. 9, 1900, returnable at the next April Term of Court in Washington County where Mr. Shaw resided. He filed no disclosure nor did he appear and submit to examination at that term, and nothing appears to have been done in this case until the April Term, 1901, when Mr. Shaw filed the usual formulary statement that at the time of the service of the writ upon him he had not in his hands any goods, effects or credits of the principal defendant, and thereof submitted himself to examination upon oath. It does not appear that any notice of this was given the plaintiff or his attorney as required by Court Rule XII. *Butler* v. *Starrett,* 52 Maine,

281. Under these circumstances this statement or "denial must be considered in the nature of a plea which is to be sustained by answers to interrogatories propounded by the plaintiff." *Toothaker* v. *Allen*, 41 Maine, 324. The person summoned as trustee is not to determine the question of his liability. *Ibid.*

The principal defendant was defaulted and the case remained on the docket with nothing further done, so far as appears, until the April Term, 1902, when Mr. Shaw filed what is called in the report "a further disclosure" consisting of questions and answers. It is not stated which party put the questions but from their character it would seem that they were put by Mr. Shaw's own attorney. Nothing further appears to have been done till the April Term, 1904, when, the judgment of the Court upon the question of his liability as trustee being asked, Mr. Shaw offered as an additional disclosure a statement of information received from his attorney as to his, the attorney's, doings. This statement was received, and presumably considered, against the plaintiff's objection. Mr. Shaw also offered, as evidence to be considered, the deposition of his attorney, which was admitted against the plaintiff's objection.

The first question is whether this statement of Mr. Shaw can be considered as a disclosure or as evidence in determining the question of his liability as trustee. We think it cannot, for the sufficient reason that it is merely a statement of what a third party had told him. It contains no allegation of fact purporting to be within his own knowledge. If offered as a deposition upon an issue formed no part of it could not be read in evidence for that obvious reason. True, a person summoned as trustee may incorporate in his disclosure the statements of another made to him, but to give them any force or to have them considered, he must adopt them as his own statements on oath, or must at least declare on oath his belief in their truth. *Willard* v. *Sturtevant*, 7 Pick. 194; *Kelley* v. *Bowman*, 12 Pick. 383; *Parker* v. *Wright*, 66 Maine, 392. In this disclosure there is no such incorporation or adoption, nor any allegation in the disclosure or the jurat that Mr. Shaw believes the statement to be true. The jurat is simply "subscribed and sworn to." This is merely an oath that the statements were made to him, not that he believed them.

The law attributes great weight to the disclosure of a trustee properly made and hence the plaintiff is entitled to have the conscience of the trustee thoroughly searched in the fear of spiritual and temporal penalties for perjury. If a trustee be allowed to introduce into his disclosure the statements of others made to him without making oath at least that he believes them to be true, the plaintiff has no benefit from the conscience of the trustee.

The next question is as to the admissibility in evidence of the deposition of the attorney, Mr. Pattangall. We think it was not admissible. Formerly nothing was admissible unless contained in the disclosure or made a part of it under the oath of the trustee. *Hawes* v. *Langton*, 8 Pick. 67. The statute (R. S., Ch. 88, Sec. 30) now provides that either party "may allege and prove any facts material" &c. Such facts must be alleged in some statement or plea before evidence of them outside of the disclosure can be received. *Pease* v. *McKusick*, 25 Maine, 73. *Schwartz* v. *Flaherty*, 99 Maine, 463. In this case there was no issue raised upon which any evidence outside of the disclosure could be received. Nothing in the disclosure had been denied by the plaintiff. No fact outside of the disclosure had been alleged or set up by either party. No question of fact had been put in issue. The only question was what conclusion of law followed from the answers and statements made by Mr. Shaw under the sanction of his oath, leaving out of the account all statements not supported by his oath. The court, as well as the parties, was confined to those sworn answers and statements. *Rundlet* v. *Jordan*, 3 Maine, 47; *Chase* v. *Bradley*, 17 Maine, 89 (on page 94); *Minchin* v. *Moore*, 11 Mass. 90.

It is suggested that the statements in the disclosure may be regarded as an allegation under the statute. We do not think such statement is the allegation contemplated by the statute. The term "allegation" has a fixed technical meaning in law. It is a term in pleading, not a term in evidence. Allegation is not contained in the evidence, but precedes it. Allegation is the formal averment of a party setting forth the issue, and what he proposes to prove. *Schneider* v. *Rochester*, 160 N. Y. 172; Cent. Dict. The disclosure, the answers of the trustee to interrogatories, is not an allegation by

way of pleading. It is a discovery. If the trustee desires to intro-
duce the statements of other persons as evidence he must make them
a part of his disclosure by reciting them, or identifying them and by
making oath that they are true or, at least, that he believes them to
be true, or else he must first make the statutory allegation by way
of pleading. The allegation required is distinct from the disclosure.
This is made clear by the language of next section of the statute,
(sec. 31) which says: "Any question of fact arising upon such
*additional* allegations" &c. This language indicates a separate,
*additional* allegation in the nature of a plea. Again, no issue of fact
to be tried under sec. 31, can be raised by any statement in the dis-
closure since that statement is to be taken as true until overcome by
allegation and evidence to the contrary. If no such allegation be
made (and none was made in this case) there is no occasion for addi-
tional evidence. It is difficult to see how an issue of fact can be
framed for trial under section 31 upon uncontradicted statements in
the disclosure.

It is again suggested that the following statement in the disclosure
makes the deposition of Mr. Pattangall, the attorney, a part of the
disclosure, viz: "So far as I know, the money was all received by
W. R. Pattangall to whose testimony I would refer you for the facts
in the case." In the first place Mr. Shaw does not state that Mr.
Pattangall's testimony is true or that he believes it to be true, neither
in the disclosure proper nor in the jurat, which latter is simply "sub-
scribed and sworn to." In the second place the reference is too indefi-
nite. The testimony alluded to is not annexed to the disclosure, nor
referred to as an exhibit. Mr. Shaw does not state what that testi-
mony is nor where it can be found. He in no way identifies it, and
anything made a part of a disclosure must be identified. *Willard* v.
*Sturtevant*, 7 Pick. 194. It does not appear that the testimony had
then been given. It might be testimony to be given. It does not
appear that the testimony had been filed or even reduced to writing.
There is nothing to show what testimony of Mr. Pattangall is to be
read as a part of the disclosure. It is a fundamental rule in such
procedure as this that the disclosure of a trustee must be full and
complete in itself, that the trustee must in his disclosure incorporate,

annex, or distinctly identify any paper or statement he desires to be considered so that the court will need no other identification. For these reasons we think the deposition of Mr. Pattangall cannot be regarded as a part of the disclosure.

The supposed disclosure and the deposition of Mr. Pattangall offered at the April Term, 1904, being thus held inadmissible, the next question is one of law viz: whether upon the answers and statements in his disclosure at the April Term, 1902, supported by his oath Mr. Shaw is chargeable as trustee. In that disclosure he states that prior to the service of the writ upon him, the principal defendant Minnie A. Dyer, then owning and possessing a store, a stock of merchandise and also accounts due her from various parties, made to him a written assignment of all her attachable property for the benefit of her creditors. This assignment Mr. Shaw accepted and signed. The instrument of assignment dated Oct. 6, 1899, was expressly made a part of the disclosure as "Trustee Exhibit 1." By its terms Mr. Shaw engaged to sell and dispose of all the assigned property, collect the accounts and make proportional distribution among such creditors of Mrs. Dyer as should become parties to the assignment and pay the surplus to Mrs. Dyer.

Upon this statement, taken by itself, Mr. Shaw would be chargeable as trustee of Mrs. Dyer, the principal defendant, since by the assignment goods, effects and credits of Mrs. Dyer "were entrusted to and deposited in his possession." *Ward* v. *Lamson,* 6 Pick. 358; *Morse* v. *Bebee,* 2 Allen, 466; *Whitney* v. *Kelley,* 67 Maine, 377. It placed the burden on him to clear himself from liability and to do so by clear, full and direct statements. *Haynes* v. *Thompson,* 80 Maine, 125, 128. "No presumption is to be made in his favor." *Ripley* v. *Severence,* 6 Pick. 47 at p. 477. "Every doubtful statement is to be received as indicative that he could not truly make one which would relieve the case from doubt." *Lamb* v. *Franklin Mfg. Co.,* 18 Maine, at p. 188. "The burden of discharging himself by clear and definite statements devolves upon the trustee." *Whitney* v. *Kelley,* 67 Maine, at p. 379. See also *Fertilizer Co.* v. *Spaulding,* 93 Maine, 97.

Recurring again to the contents of the disclosure, Mr. Shaw simply states that despite the assignment and his engagements under it none

of the property ever came into his possession or under his control. His statement is as follows: "I never took possession of any of the property but immediately after receiving the assignment I, together with Minnie A. Dyer employed Messrs. Pattangall and Leathers as attorneys and we left Minnie A. Dyer's matters entirely with them. About the disposal of the personal property and the accounts I know nothing. . . . I personally never received any money under or by reason of the assignment."

The fact thus stated does not relieve Mr. Shaw from his liability he incurred to Mrs. Dyer and her creditors under the assignment. Messrs. Pattangall and Leathers were his agents appointed by him, though with Mrs. Dyer's approval. Their possession of the property was his possession. Their acts over it were his acts. By the assignment Mrs. Dyer's goods, effects and credits were "entrusted to and deposited in his possession." By permitting or directing his agent or attorneys to take possession and dispose of them, he has not divested himself of his liability to account for them. *Ward* v. *Lamson*, 6 Pick. 358. True, if the agents in this case proved faithless it might perhaps be a defense for Mr. Shaw against Mrs. Dyer that she had approved of their appointment, but no such thing is stated in the disclosure. So far as appears the attorneys still have all the property or its proceeds. It was Mr. Shaw's duty to know and inform the court what had been done by his agents in the premises.

The result is that upon the disclosure to which we are confined Mr. Shaw must be charged generally as trustee. If in fact he had no goods, effects, or credits of Mrs. Dyer in his hands either actually or constructively at the date of the service of the writ upon him, he has not yet shown it by legal evidence adduced in the manner provided by law. He has not yet stated discharging facts in his disclosure, nor has he yet opened any door for the statements of other persons. Upon scire facias he will undoubtedly have the opportunity to make as full and clear and detailed a disclosure as may be required or as he may desire, and to make the statements of Mr. Pattangall a part of that disclosure or to open a door for their admission otherwise. If it shall then appear that he is not really chargeable he will be

discharged. No injustice will be done him if he will take the course prescribed by the law for bringing the facts before the court.

The last question presented by the exception is that of costs. R. S., ch. 88, sec. 19, provides as follows: "Sec. 19. If a person resident in the county in which the writ is returnable, is summoned and neglects to appear and submit to examination at the return term without reasonable excuse, he is liable for all costs afterwards arising in the suit to be paid out of his own goods or estate if judgment is rendered for the plaintiff; unless paid out of the goods or effects in his hands belonging to the principal." Mr. Shaw was resident in the county but did not appear and submit to examination at the return term. This neglect was adjudged by the presiding justice to be "without reasonable excuse." Being charged as trustee he must also be adjudged liable for costs arising after the return term if judgment be finally for plaintiff.

The judgment of the court is,

> *Exceptions sustained. Trustee charged generally. If plaintiff recovers judgment he shall recover against trustee the costs arising after the return term.*