## No. 10,808.

KINNEY, TRUSTEE *v.* YOELIN BROTHERS MERCANTILE CO.

Decided July 7, 1924.   Rehearing Denied November 10, 1924.

Garnishment proceedings.   Judgment for plaintiff.

### *Reversed.*

1. DEBTOR AND CREDITOR—*Assignment—Validity.*  A power of attorney given by a debtor to a trustee for the benefit of creditors, if not recorded in compliance with section 6242, C. L. '21, held to pass no title as against creditors.

2. DEED—*Validity—Burden.*  The burden is on one claiming under a deed to plead the instrument and prove the facts which show it to be valid.

3. FRAUDULENT CONVEYANCE—*Bulk Sales.*  The trustee of a debtor sold his stock of goods.  Although the sale was void as to creditors under the bulk sales law, a creditor who attached and attempted to hold the proceeds, is held to have affirmed the sale.

4. DEBTOR AND CREDITOR—*Fraudulent Conveyance—Retention of Check.*  Where a debtor transferred his property to a trustee who sold and distributed the proceeds pro rata among the creditors, a creditor who received and retained—although not cashing it—a check for his share, is held to have affirmed the action of the trustee, and could not levy upon the money in his hands derived from the sale.

*Error to the County Court of the City and County of Denver, Hon. George W. Dunn, Judge.*

Mr. FREDERICK P. CRANSTON, for plaintiff in error.

Mr. HARRY SOBOL, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE company, defendant in error, had execution on a judgment before Rice, justice of the peace, against one

Boulter, and served a garnishment summons on Kinney and the Hamilton National Bank. The bank paid the amount of the judgment into the justice court. The county court, on appeal from the justice of the peace, rendered judgment for the whole amount against Kinney and he brings the case here on error. The justice paid the money to defendant in error.

The facts were stipulated. Boulter a grocer, became insolvent, and gave Kinney a power of attorney to run his business or sell all his property and distribute the proceeds, pro rata, among his creditors. Kinney sold the property in bulk to one Flood, deposited the money in the Hamilton National Bank and drew a check payable to each creditor for his share. The defendant in error received and retained but did not collect or attempt to collect its check, and four or five days later sued out the execution.

The question is whether this fund in Kinney's hands was subject to garnishment by the company.

The plaintiff in error claims that this power of attorney was equivalent to an assignment for the benefit of creditors. The statute, C. L. § 6242, however, requires the deed of assignment to be acknowledged and says that when "filed for record" it "shall vest" title in the assignee; that an inventory and bond must be filed in the district court and until then the assignee may not dispose of the property. It does not appear on the record here whether any of these things was done. If the power of attorney was not recorded no title passed to the assignee. The plain and necessary inference from the provision that the instrument "when filed * * * shall vest" is that when not filed it shall not vest. *Mosconi v. Burchinell,* infra.

The burden is on one claiming under a deed to plead the instrument and prove the facts which show it to be valid. 28 C. J. 309, § 467; *Thompson v. Dyer,* 100 Me. 421, 62 Atl. 76; *Wise v. Reed,* 79 Wash. 134, 139 Pac. 753. The original title was confessedly in Boulter. There being no pleadings, Kinney need not plead but must prove the facts showing his title, i. e., a valid transfer of title from Boulter to

him.  He has not done so.  The record, then, shows no title to have passed to him by the transaction, and he had no right to sell as assignee.

It is held in *Palmer v. McCarthy*, 2 Colo. App. 422, 31 Pac. 241; *Burchinell v. Mosconi*, 4 Colo. App. 401, 36 Pac. 307, and in *Mosconi v. Burchinell*, 7 Colo. App. 435, 43 Pac. 912, that when the assignee does not file the inventory, he is not an assignee, the deed to him is void.  The plaintiff in error then was a mere agent with authority to sell and his possession and acts were the possession and acts of his principal, Boulter.  We must treat the matter therefore as if Boulter himself had done what Kinney did.

He sold all the property in bulk and began to distribute the proceeds pro rata among his creditors.  The sale in bulk was void as against creditors, because of C. L. ch. 60, the Bulk Sales law.  The sale being void as against him a creditor might attach the property in Flood's hands, but when he garnishes the bank and Kinney and seeks to hold the proceeds of the property, he affirms the sale and the money which under a void sale would be Flood's is Boulter's and subject to the execution against him.

It appears, however, that the company has held Kinney's check ever since it was received.  The defendant in error cannot assume an equivocal position in attempting to disaffirm the action of Kinney under the power. · If it disaffirms the action it must not retain any rights under that power.  Holding the check which might be sued on or cashed any day, was a retention of such a right.  If the company had cashed the check there could have been no question about this.  We think that the retention of it when suing out execution amounted to the same thing and that the defendant in error thus affirmed the action of the agent and cannot levy upon the money in his hands.

The judgment is reversed and new trial granted.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.