No. 11,409.

DRUGS SERVICE CO. v. MORRISON.

Decided December 7, 1925.

Action on promissory notes.    Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.   DEBTOR AND CREDITOR—*Assignment—Check.* Plaintiff brought suit on promissory notes February 11; February 18, defendant made an assignment for benefit of creditors, and a check for a part of the amount of the notes sent plaintiff by the trustee

March 27; March 31, plaintiff produced the check at the trial in justice court, stating that she refused to accept it. This was sufficient notice within a reasonable time that the check would not be accepted in settlement of plaintiff's account. The fact that plaintiff retained the check until a subsequent trial in the county court, held immaterial.

*Error to the County Court of the City and County of Denver, Hon. George W. Dunn, Judge.*

Mr. FREDERICK P. CRANSTON, for plaintiff in error.

Mr. OTTO FRIEDRICHS, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action which was originally instituted in a justice court by Clee L. Morrison against the Drugs Service Company to recover upon five promissory notes, each in the sum of $50. There was a judgment for plaintiff for $270 and costs. On appeal to the county court, and trial de novo, the plaintiff recovered a judgment for $273.30 and costs. Defendant brings the case here and applies for a supersedeas.

The action was begun in justice court on February 11, 1925. On February 18, 1925, defendant attempted to make an assignment for the benefit of creditors. On March 27, 1925, plaintiff received a check for $88.68, signed by the trustee under the assignment, or attempted assignment. The case came to trial on March 31, 1925, and thereupon plaintiff produced the check for $88.68 and stated that "she did not accept the check and did not want it." This was a sufficient notification to the debtor, and made within a reasonable time, that the check would not be accepted in settlement of plaintiff's claims.

Defendant now seeks a reversal of the judgment because

plaintiff retained possession of the check until the time of trial in the county court, and then, for the first time, tendered it back to defendant. Defendant was not misled by that. It learned in the trial in justice court that the check was not wanted. Plaintiff in error cites *Kinney v. Mercantile Co.,* 76 Colo. 136, 230 Pac. 127, but there the retention of a check was under different circumstances.

There is no error in the record. The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.