No. 12,676.

DAMASKUS ET AL. *v.* McCARTY-JOHNSON HEATING AND
ENGINEERING COMPANY.

(295 Pac. 490)

Decided January 12, 1931.

Messrs. GABRIEL, MILLS & MILLS, for plaintiffs in error.

Mr. HARRY A. FEDER, Mr. LOWELL D. HUNT, Mr. JEAN
S. BREITENSTEIN, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

A SINGLE question is here presented: Is the common
law right to make an assignment for the benefit of cred-
itors abrogated by the statutory proceeding relative to
such assignments?

In November, 1928, the Betsy Ross Cafe and Candy

Company made an assignment, admittedly insufficient under the statute, for the benefit of its creditors to Mark Harrison, who thereupon sold the property involved to James Damaskus and Peter Coclan, plaintiffs in error, for $1,008, its actual value. About one year after this sale, the McCarty-Johnson Heating and Engineering Company, defendant in error, secured a default judgment in the justice court for $190 against the Betsy Ross Cafe and Candy Company. A garnishee summons in aid of execution was served upon plaintiffs in error, who answered that they had no property belonging to the Betsy Ross Cafe and Candy Company. A traverse was filed to said garnishee answer and trial had thereon. From a judgment of dismissal in the justice court, the McCarty-Johnson Heating and Engineering Company appealed to the county court, where judgment for $190 was entered in its favor against Damaskus and Coclan. The court held, in effect, that the assignment to Mark Harrison was void under the statute and he took no title to the property involved and conveyed none to the plaintiffs in error.

Defendant in error contends that the following cases are controlling: *Kinney v. Mercantile Co.*, 76 Colo. 136, 230 Pac. 127; *Palmer v. McCarthy*, 2 Colo. App. 422, 31 Pac. 241; *Burchinell v. Mosconi*, 4 Colo. App. 401, 36 Pac. 307, and *Mosconi v. Burchinell*, 7 Colo. App. 435, 43 Pac. 912. In none of these cases was the question here involved presented or determined.

Sections 6242 to 6295, C. L. '21, authorize statutory assignments for the benefit of creditors and regulate the procedure thereunder. Section 6242 provides: "Any person *may* make a general assignment for the benefit of his creditors by deed duly acknowledged, which when filed for record in the office of the clerk and recorder of the county where the assignor resides, or if a non-resident, where his principal place of business is in this state, shall vest in the assignee in trust for the use and benefit of such creditors, all the property of the assignor, ex-

cepting only such as is by law not subject to levy and sale under execution; subject, however, to all valid and subsisting liens.''

Statutes in derogation of the common law must be strictly construed. The statute is directory and not mandatory. No mention is made in said sections of common law assignments and nothing therein contained either specifically or by implication is susceptible to the construction that these sections were intended to be an exclusive substitute for common law assignments.

In 5 C. J., page 1173, the rule contended for by the plaintiffs in error appears as follows: ''The validity of assignments, except as otherwise provided by statute, is to be determined on principles of the common law, and a general assignment has frequently been held to operate as a common-law assignment, although not valid as a statutory assignment.''

The identical question here presented was determined in *Nolte v. Winstanley,* 16 Ariz. 327, 331, 145 Pac. 246. The court used this language: ''The deed of assignment does not show that the assignor was insolvent, nor that the property assigned was all of his property, and fails to give a list of the names of his creditors, and is otherwise defective as a statutory assignment for benefit of creditors. Such an assignment, however, is valid under the common law and is not forbidden by statute.'' The provisions of the Arizona statutes are similar to those here involved.

*Lucy v. Freeman,* 93 Minn. 274, 101 N. W. 167, recognizes the existence of the common law right of assignment for the benefit of creditors notwithstanding statutory provisions concerning assignments. There it is stated: ''It is elementary that parties may make and enter into such contracts, bargains, and agreements as they may deem best for their interests, and neither the legislature nor the courts have the power or right to restrict them in the exercise of that privilege, so long as their contracts are not immoral or tainted with positive

illegality. In the case at bar Dittbenner was insolvent and unable to pay his debts, and to satisfy his creditors, or those who should participate in the transaction, he conveyed the property in question to plaintiff, as trustee, under the agreement of plaintiff to convert the same into money and pay and discharge Dittbenner's debts. The transaction amounted in effect to an assignment for the benefit of creditors, not an assignment under our insolvency statutes, or made in conformity with the statutory regulations of common-law assignments, but a common-law assignment pure and simple.''

In *Utah Association v. McConnell,* 50 Utah 531, 541, 167 Pac. 817, the court held: ''It will be readily seen that the Utah statutes in question are merely directory that 'an insolvent debtor may * * * execute an assignment * * * in conformity with the provisions of this title.' No express limitation is made by the statute itself, nor do we think a limitation can be reasonably implied from the wording, to the effect that a valid assignment may not be made in conformity with the rules of the common law without compliance with the formalities in the statute prescribed.''

See also *Campbell v. Colo. C. & I. Co.,* 9 Colo. 60, 10 Pac. 248.

■ Applying the law herein stated to the facts in the instant case, the assignment to Mark Harrison was a valid common law assignment and his sale of the property thereby acquired to the garnishees, Damaskus and Coclan, at a price representing the full value thereof passed the title thereto to said garnishees. The garnishees therefore held no property belonging to the Betsy Ross Cafe and Candy Company, a Colorado corporation, judgment debtor of defendant in error, the McCarty-Johnson Heating and Engineering Company.

The county court erred in entering judgment in favor of defendant in error and against Damaskus and Coclan, garnishees, for $190. Judgment should have been entered in their favor. Accordingly the judgment is re-

versed and the cause remanded with directions to enter judgment for plaintiffs in error.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BURKE and MR. JUSTICE ALTER concur.