WILLIAM J. MATHEWS, PLAINTIFF, v. UNDERPINNING AND FOUNDATION COMPANY, INC., A CORPORATION OF NEW YORK, DEFENDANT.

Decided March 16, 1939.

For the defendant, *Wolber, Gilhooly & Yauch* (*John H. Yauch, Jr.*)

For American Mutual Liability Insurance Company, *Edward R. McGlynn.*

BROWN, S. C. C. In the complaint of the plaintiff he alleges that he was hired by the defendant, Underpinning and Foundation Company, to make X-ray examinations of prospective employes of that company at an agreed price. The services were rendered and have not been paid for and the plaintiff seeks to recover. No mention is made in the complaint of the American Liability Insurance Company in any manner whatsoever. The defendant, Underpinning and Foundation Company, filed an answer denying all the allegations in the complaint and made no reference to liability on the part of the insurance company. Thereafter the Underpinning and Foundation Company filed a petition alleging, without sufficient details of a cause of action, that the American Mutual Liability Insurance Company was liable for the services rendered and referred to the allegations in the complaint stating that the insurance company was liable

for the services therein mentioned and not the underpinning company and prayed that the insurance company be made a party defendant in the suit. An order was made as prayed for without notice to the insurance company. That company now moves to set aside the order joining it as a party defendant on the grounds that the allegations in the petition are sham and that the petition is inadequate in that it does not set forth a claim of the underpinning company against the insurance company but "merely" a claim of the plaintiff against the latter company. A reading of the affidavits filed on this motion leads to the conclusion that disputed questions of fact are contained therein and that the petition is not sham. Whether the petition is adequate and sufficient in law depends upon the contents of the petition in meeting the requirements of the statute governing the joinder of parties and particularly *R. S.* 2:27-29. The parent statute pertaining to this subject is *Pamph. L.* 1933, *p.* 760, which provides in part: "In any action at law sounding in contract where any party alleges and it appears that some other person not then a party to the action is liable for the claim made against such party in the action, the court on application of such party in the action may make an order adding such other person as a party defendant in said action and directing a summons, duly tested, to which shall be annexed a true but uncertified copy of the said order and of the complaint filed in said action, be issued; which summons shall be served upon such person and the other parties to the suit and returned in the same manner as other writs of summons issued at a said court." *R. S.* 2:27-29 provides in part: "Where, in an action at law sounding in contract, any party thereto alleges and it appears that some other person not then a party to the action is liable for the claim made against such party in the action, the court may, on application of such party in the action make an order, adding such other person as a party defendant in the action and directing a summons, duly tested, to be issued." *R. S.* 2:27-30 provides in part: "There shall be annexed to the summons issued pursuant to section 2:27-29 of this title a true copy of the order mentioned in said section 2:27-29 and of the complaint filed in the action, which need not be certified. The summons

shall be served upon the person made a party defendant in the action pursuant to said section 2 :27-29, and upon the other parties to the action, and shall be returned in the same manner as other writs of summons issued out of the court in which the action is pending." While the wording of the act of 1933 is not exactly the same as the provisions of the Revised Statutes to which reference is made; nevertheless, the legal effect of those acts are substantially the same. It is a requirement of those laws that an order directing the joinder of a party may be made where (1) the action sounds in contract and (2) where any party thereto alleges and it appears that some other person not then a party to the action is liable for the claim made against "such" party in the action. The term "alleges" or "allegation" has a fixed technical meaning in the law. It is a term in pleading and not one of evidence. It is not contained in the evidence but precedes it. To allege is to make an allegation and an allegation is the formal averment of a party in one action setting forth the charge and what he proposes to prove. 1 *Words and Phrases* 340; *Thompson* v. *Dyer,* 62 *Atl. Rep.* 76; 3 *C. J. S.* 884. The statutes above cited clearly contemplate and bear this technical meaning of the word "alleges." It may be further stated that those statutes contemplate that the allegation should appear in the original complaint filed in the cause for the statute provides that a copy of that complaint, together with a summons shall be served upon the party ordered to be joined as a defendant. It certainly was not intended that the party to be joined should be called upon to answer a complaint, as provided in the statute, which pleading is barren of any reference to his liability or connection in any way with the cause of action therein alleged. The motion to set aside the order joining the American Liability Insurance Company as a party defendant in this cause is granted.