No. 14,832.

McKelvy, Trustee *v.* Striker, doing business as
Central Distributing Company et al.
(116 P. [2d] 921)

Decided August 25, 1941.

Mr. C. Clyde Barker, Mr. Harold M. Webster, Mr.
Davis L. Barker, for plaintiff in error.

Mr. Sidney S. Jacobs, for defendants in error.

*In Department.*

Mr. Justice Otto Bock delivered the opinion of the
court.

I. Striker, doing business as The Central Distributing
Company, and Colorado Beverage Company, defendants

in error, are judgment creditors of Leadville Pharmacy, Inc., which made an assignment to J. B. McKelvy, Trustee, plaintiff in error, for the benefit of all its creditors. It is undisputed that, owing to the failure of the debtor to comply with chapter 12, '35 C.S.A., we are here concerned with a common-law, and not a statutory, assignment.

Briefly, the facts are these: January 13, 1939, Striker, and January 24, 1939, Colorado Beverage Company, obtained judgments against the debtor. January 30, 1939, the debtor made an assignment for the benefit of its creditors and turned its assets over to the trustee. February 7, 1939, both judgment creditors, without having received any notice of acceptance by any creditor of said assignment on the part of the debtor, took out executions on their respective judgments and served writs of garnishment on the trustee. After service of the garnishment writs, and about February 17, 1939, the trustee mailed notices to all creditors advising them of the transfer of these assets, and requesting them to file verified proofs of their respective claims. All of the creditors except defendants in error consented to this arrangement. March 3, 1939, the trustee, as garnishee, answered interrogatory 3 as follows: "No, except that on January 30, 1939, Leadville Pharmacy, Inc., made, executed and delivered an assignment and deed of trust to J. B. McKelvy, Trustee, for the benefit of all its creditors, and the said J. B. McKelvy, as Trustee, has the title and possession of all the stock of merchandise, fixtures, accounts receivable and assets by virtue thereof and the said Leadville Pharmacy, Inc., has divested itself of all of its title thereto." To which the judgment creditors filed affidavits and traverse. There is no evidence that defendants in error, expressly or impliedly, ever accepted the assignment, nor did they file any claims with the trustee thereunder. The trial court found the issues in favor of defendants in error and entered judgment accordingly. The trustee assigns error and seeks reversal.

■ We here are solely concerned with a common-law assignment for the benefit of creditors and the rights of the judgment creditors, as disclosed by the record. We heretofore have held that common-law assignments are valid, independent of statutory assignments. *Damaskus v. McCarty-Johnson Heating & Engineering Co.,* 88 Colo. 279, 295 Pac. 490. In *McMullin v. Keogh-Doyle Meat Co.,* 96 Colo. 298, 42 P. (2d) 463, referring to the effect of a common-law assignment as related to the rights of a creditor, we said (p. 306):

"Under the decisions of this court and under the general law with respect to common-law assignments, there is no question but what the assignee is merely the agent of the assignor, and that in the absence of any act on the part of the creditor which makes it inequitable for him to take a position that the acts of the assignee are but the acts of the assignor by agent, he may assert any rights or pursue any remedies he may have against the assignor or his property just as though such assignment had not been made.

\* \* \*

"In the instant case, if the creditor, Keogh-Doyle Meat Company, had done nothing in recognition of the act of the debtor in giving the trustee certain powers over the property involved, but had wholly disregarded it and pursued his remedy against Sims in court, there would be no question of its right to pursue the specific property, or if that property had been sold, it could ratify the sale and pursue the fund in the hands of the trustee derived from such sale."

In that case the creditor filed written proof of its claim with the trustee, looked at the property with the view of buying it, and made an offer for its purchase. There were, therefore, sufficient acts of the creditor upon which the trustee and other creditors could rely as an acceptance of the offer contained in the assignment. There are no such circumstances in the instant case. Clearly, the judgment creditors never, by implica-

tion or otherwise, accepted the offer of the debtor or the terms of the assignment. Under these circumstances, they had a right to pursue any remedies which they had against the debtor or his property, "just as though such assignment had not been made." They took no steps which made it inequitable, for them "to take a position that the acts of the assignee are but the acts of the assignor by agent." The facts in *McMinn v. Harrison*, 93 Colo. 5, 23 P. (2d) 944, upon which case the trustee relies, are readily distinguishable from those in the present litigation. A sufficient distinction is that there the creditor filed her claim with the trustee. Here the creditors at no time recognized the assignment.

In view of our conclusions, we deem it unnecessary to discuss other questions raised in the briefs.

The judgment is affirmed.

MR. JUSTICE KNOUS, MR. JUSTICE BURKE and MR. JUSTICE HILLIARD concur.